# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 21, 2009 Session

## T.O.T.S. (TEMP. OWNED TEMPORARY SERVICE), INC. v. WHIRLPOOL CORPORATION, ET AL.

### Direct Appeal from the Circuit Court for Madison County
### No. C-08-034     Don Allen, Judge

---

### No. W2008-02473-COA-R3-CV - Filed July 28, 2009

---

Plaintiff appeals the trial court's dismissal of its complaint for failure to state a claim.  We dismiss the appeal for failure to appeal a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Isaac H. Brooks, *Pro Se*.

Timothy K. Garrett, Nashville, Tennessee, for the Appellees, Whirlpool Corporation and Janice Page.

### MEMORANDUM OPINION[1]

In February 2008, Plaintiff/Appellant T.O.T.S. (Temp. Owned Temporary Service), Inc. ("Plaintiff") filed a "complaint to recover improper payments" against Defendants Whirlpool Corporation ("Whirlpool") and Janice Page (Ms. Page; collectively, "Defendants") in the Circuit Court for Madison County.  In its complaint, Plaintiff alleged that it had provided Whirlpool with temporary workers pursuant to the terms of an expired written contract; that Ms. Page was the agent for Whirlpool assigned to manage Plaintiff's contracts; and that Ms. Page had demanded improper

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

payments from Plaintiff in violation of the contract. Plaintiff alleged it had made cash and in-kind payments to Ms. Page in excess of $500,000. Plaintiff alleged Whirlpool was negligent in the "oversight and management" of its agent, Ms. Page. Plaintiff further alleged Whirlpool's negligence was the proximate cause of its loss, and demanded a judgment against Defendants jointly and severally in the amount of $554,000. The complaint was styled "T.O.T.S. (Temp. Owned Temporary Service), Inc. v. Whirlpool Corporation and Janice Page." In the complaint, Plaintiff asserted it was a "Tennessee Corporation doing business as same in Madison County, Tennessee, at all times relevant to this matter."

Defendants answered in March 2008, denying Plaintiff's substantive claims and asserting Plaintiff had failed to state a claim upon which relief could be granted. Defendants stated, "[b]ecause Plaintiff has not been a valid and recognized legal entity since its corporate charter was revoked in 1998, Plaintiff lacks the capacity and/or standing to bring the instant action." Defendants further asserted Plaintiff's claim was barred by the doctrine of unclean hands and by the statute of limitations.

Defendants subsequently amended their answer to include a "counter-claim" against Temp Owned Temporary Service ("TOTS"), asserting TOTS was "an unincorporated business jointly owned by Isaac and Ethel Brooks[.]" Whirlpool asserted a claim for breach of contract, alleging that in December 2004 it had entered into a service agreement with TOTS and that, in violation of the agreement, TOTS did not maintain proper records for its temporary workers; did not calculate wages and withhold taxes from the workers; and did not remit appropriate taxes to the governmental authorities. Whirlpool asserted that, as a result of such conduct, TOTS had been investigated by the Internal Revenue Service and that, as part of the investigation, the Internal Revenue Service had questioned Whirlpool employees about Whirlpool's relationship with TOTS. Whirlpool asserted it had been "forced to divert time and resources to this investigation" and sought indemnification from TOTS for all expenses and attorney's fees incurred as a result of "TOTS' wrongful acts and omissions." Defendants reiterated their motion to dismiss.

In May 2008, Defendants moved for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure. In June 2008, Plaintiff moved to amend its complaint to substitute Isaac Brooks (Mr. Brooks), formerly doing business as TOTS, as plaintiff. In the motion to amend, Plaintiff asserted that, unbeknownst to Plaintiff, "its corporate status was not in compliance with the State of Tennessee requirements for valid corporate status," and that payments made to Ms. Page were "made to her by Isaac Brooks, believing he was a proper corporate entity."

Following a hearing on September 8, 2008, the trial court granted Defendants' motion to dismiss with prejudice on the basis that Plaintiff was not a legal entity when it filed its complaint and, therefore, could not state a claim. The trial court denied Plaintiff's motion to amend the complaint on the grounds that the corporate charter had been revoked ten years earlier, and that to allow substitution would "thwart the sound public policy embodied in T.C.A. § 48-24-202(c)." The court held Defendants' motion for sanctions under advisement. The trial court entered its order granting Defendants' motion to dismiss on October 7, 2008. Acting *pro se*, Mr. Brooks, although

neither a party nor an attorney retained to represent Plaintiff corporation, filed a notice of appeal to this Court on October 30, 2008.[2]

### Issues Presented

The following issues are presented for our review:

(1)     Whether the circuit court erred in granting Defendants' motion to dismiss with prejudice.

(2)     Whether the circuit court erred in ruling the Plaintiff was not authorized to conduct business in Tennessee as a sole proprietor.

### Analysis

As an initial matter, although neither party to this lawsuit has raised the issue of whether the order appealed is a final judgment, we must review the record *sua sponte* to determine whether we have jurisdiction to adjudicate this appeal. *State ex rel Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008)(*no perm. app. filed*); Tenn. R. App. P. 13(b).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *E.g., State ex rel Garrison v. Scobey*, WL 4648359, at *5.

---

[2]Plaintiff was represented by an attorney in the proceedings in the trial court.

In this case, the trial court has not adjudicated Defendant/Appellees' motion for sanctions or Whirlpool's claim for indemnification.[3] Because these claims have not been adjudicated, the trial court's order of October 7, 2008, is not a final judgment. Accordingly, we do not have jurisdiction to adjudicate the issues raised on appeal.

In light of the foregoing, this appeal is dismissed. Costs of this appeal are taxed to the Appellant, T.O.T.S. (Temp. Owned Temporary Service), Inc.

_____
DAVID R. FARMER, JUDGE

---

[3] We decline to opine on whether the claim filed by Whirlpool against TOTS is, in fact, a "counterclaim" in light of Defendants' assertions in their motion to dismiss.